**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hernan Eliecer Gonzalez Castro, et al., | No. CV-24-02881-PHX-KML |
| Plaintiffs, | **ORDER** |
| v. | |
| Ur M Jaddou, et al., | |
| Defendants. | |

On October 23, 2024, Plaintiffs Hernan Eliecer Gonzalez Castro and Nancy Roldan Lopez filed their complaint. (Doc. 1.) In that document plaintiffs sought to compel "officers and agencies of the United States government . . . to adjudicate the Plaintiffs' pending Form I-485, Application[s] to Register Permanent Residence or Adjust Status." (Doc. 1 at 1.) The complaint was not filed under seal.

Approximately one month after filing their complaint, plaintiffs filed a motion to seal. That motion requests the original complaint be placed under seal and that plaintiffs be allowed to file under seal both a motion to amend the complaint and the amended complaint. The motion to seal also requests the "Notice of Service" be placed under seal, presumably referencing the certificate of service plaintiffs filed on November 1, 2024. (Doc. 8.) The motion argues sealing is appropriate because the various documents "pertain[] to confidential asylum-related claims that involve sensitive details about [plaintiffs'] country of origin. Public disclosure of these details could endanger [plaintiffs] and family members residing in the country of origin and elsewhere." (Doc. 13 at 3-4.)

## I.     Motion to Seal

There is a "strong presumption in favor of access to court records." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). When a filing is "more than tangentially related to the underlying cause of action," it may be filed under seal only if there is a compelling reason for doing so. *Ctr. For Auto Safety*, 809 F.3d at 1099. Other documents may be filed under seal based on a showing of good cause. *Id.* at 1097.

There must be compelling reasons to file a complaint under seal. *See In re NVIDIA Corp. Derivative Litig.*, No. C 06-06110 SBA, 2008 WL 1859067, at *3 (N.D. Cal. Apr. 23, 2008). That higher standard likely also applies to a motion to amend the complaint. But a certificate of service likely could be placed under seal upon a showing of good cause. Regardless of which standard applies, however, plaintiffs have not established sealing of any document is appropriate at this time.

Plaintiffs argue the complaint, motion to amend the complaint, and the amended complaint contain "sensitive details about [their] country of origin." (Doc. 13 at 4.). But none of those documents contain such details. The complaint alleges plaintiffs are Colombian nationals but does not contain any further mention of Colombia. (Doc. 1 at 2.) The proposed amended complaint includes additional allegations that plaintiffs seek expedited processing of an immigration issue "based on a financial hardship" and potential harm to a nonparty. (Doc. 14-2 at 5, 9.) None of these allegations include "sensitive details" about plaintiffs' country of origin. And there is nothing in the certificate of service that seems confidential. Overall, there is no present basis to conclude any of the information is sufficiently sensitive to merit sealing.

The pending motion to seal is therefore denied. The lodged documents will not be filed under seal and the documents currently on the public docket will remain on that docket. In an abundance of caution, the court will not file the lodged documents on the public docket. If plaintiffs wish to pursue sealing of the complaint or similar filings, they may file a renewed motion identifying the compelling reasons that would justify sealing.

1   Plaintiffs should keep in mind, however, that filings in immigration cases are not accessible
2   to the public over the internet. Fed. R. Civ. P. 5.2(c). Based on that restriction, there may
3   be less reason to place filings in this case under seal than in other cases where public access
4   is readily available.

5          **II.    Mootness**

6          Because plaintiffs sought to file their motion to amend under seal and sealing is not
7   appropriate, the motion to amend the complaint is not pending.[1] Review of the proposed
8   amended complaint, however, shows that this case may be moot or seek a form of relief
9   that is not available.

10         The original complaint sought an order requiring action on plaintiffs' applications
11  for adjustment of status. The proposed amended complaint alleges plaintiffs' "status was
12  recently adjusted to Legal Permanent Resident." (Doc. 14-2 at 9.) That adjustment means
13  "USCIS may presume [plaintiffs'] asylum application is abandoned and dismiss it without
14  prejudice." (Doc. 14-2 at 9.) However, plaintiffs' "asylum case remains integral" to a
15  nonparty's asylum application. (Doc. 14-2 at 9.) Thus, the proposed amended complaint
16  no longer seeks adjustment of status but seeks a "stay to prevent administrative closure" of
17  plaintiffs' asylum applications. (Doc. 14-2 at 12.)

18         The court has "an independent obligation to determine whether subject-matter
19  jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H*
20  *Corp.*, 546 U.S. 500, 514 (2006). The court does not have jurisdiction to hear a case when
21  it becomes moot, and a case becomes moot "when the issues presented are no longer live
22  or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*,
23  568 U.S. 85, 91 (2013) (quotation marks and citation omitted). Here, even assuming the
24  court originally had jurisdiction to hear plaintiffs' suit, they have now obtained all the relief
25  they sought in their initial complaint. Plaintiffs now appear to be seeking a "stay to prevent
26  administrative closure" of asylum applications to prevent harm to a nonparty. (Doc. 14-2
27  at 12.) But there is no indication how the court would have jurisdiction to hear a suit
28

---

[1] No defendant has responded to the complaint and plaintiffs could have amended their
complaint as a matter of course. Fed. R. Civ. P. 15(a)(1)(B).

1  brought by plaintiffs to prevent harm to a nonparty. Plaintiffs are required to file a statement

2  establishing the existence of subject matter jurisdiction.

3        Accordingly,

4        **IT IS ORDERED** the Motion to Seal (Doc. 13) is **DENIED** except the Motion to

5  Seal (Doc. 13) is **SEALED**. The lodged documents (Doc. 14) shall not be filed under seal

6  or on the public docket. This order shall not be sealed.

7        **IT IS FURTHER ORDERED** no later than **January 8, 2025**, plaintiffs shall file a

8  statement identifying the basis for federal jurisdiction.

9        Dated this 11th day of December, 2024.

**Honorable Krissa M. Lanham**
**United States District Judge**